1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE M. GARZA, JR.,         ) | Case No. SACV 12-1610-ABC (DTB) |
|              Petitioner,  ) | |
|       vs.          ) | ORDER TO SHOW CAUSE |
| JHON KATAVICK,          ) | |
|             Respondent.  ) | |
|                    ) | |

      On September 24, 2012, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. The Petition purports to be directed to the 2011 sentence petitioner received in the Orange County Superior Court. Petitioner purports to raise two grounds for relief.

      Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires

---

[1]     The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C.
(continued...)

1

1  that the prisoner's contentions be fairly presented to the state courts and be disposed

2  of on the merits by the highest court of the state.  See James v. Borg, 24 F.3d 20, 24

3  (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979).  Moreover, a

4  claim has not been fairly presented unless the prisoner has described in the state court

5  proceedings both the operative facts and the federal legal theory on which his claim

6  is based.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d

7  865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438

8  (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

9      As a matter of comity, a federal court will not entertain a habeas corpus petition

10  unless the petitioner has exhausted the available state judicial remedies on every

11  ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.

12  Ct. 1198, 71 L. Ed. 2d 179 (1982).  Petitioner has the burden of demonstrating that

13  he has exhausted available state remedies.  See, e.g., Brown v. Cuyler, 669 F.2d 155,

14  158 (3d Cir. 1982).  However, the Ninth Circuit has held that, for purposes of

15  exhaustion, pro se petitions are held to a more lenient standard than counseled

16  petitions.  See Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003); Peterson v.

17  Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc).  The Ninth Circuit also has

18  held that a federal court may raise the failure to exhaust issue sua sponte and may

19  summarily dismiss on that ground.  See Stone v. San Francisco, 968 F.2d 850, 856

20  (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per

21  curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L.

22  Ed. 2d 119 (1987).

23      Here, it appears from the face of the Petition that petitioner did not exhaust his

24  state remedies with respect to any of his grounds for relief.  Petitioner did not list any

25  California Supreme Court filings in the habeas petition form.  Indeed, in response to

26

27  [1](...continued)

28  § 2254(b)(1).

2

the question on the form asking whether he filed a Petition for Review with the California Supreme Court of the Court of Appeal decision, petitioner checked off the "no" box. Petitioner also checked off the "yes" box in response to the question on the form asking whether he previously filed any habeas petitions in any state court with respect to his judgment of conviction. However, he lists only a filing with the Orange County Superior Court (Case No. M14384). Further, according to the California Appellate Courts website, there are no habeas petitions filed by petitioner in the California Supreme Court.

If it were clear that the California Supreme Court would hold that petitioner's unexhausted claims directed to the 2011 conviction were procedurally barred under state law, then the exhaustion requirement would be satisfied.[2] See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); Johnson, 88 F.3d at 831; Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's unexhausted claims directed to the 2011 conviction are procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405, 244 P.2d 734 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an

---

[2]     In that event, although the exhaustion impediment to consideration of petitioner's claims on their merits would be removed, federal habeas review of the claims would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

appropriate case for invocation of either "exception" cited above to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court.

Further, the Court notes that this is not an appropriate case for invocation of the stay-and-abeyance procedure authorized by <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), or the stay-and-abeyance procedure authorized by <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-88 (9th Cir. 1998) and <u>Kelly v. Small</u>, 315 F.3d 1063, 1070 (9th Cir. 2004), <u>overruled on other grounds by</u> <u>Robbins v. Carey</u>, 481 F.3d 1143, 1149 (9th Cir. 2007). The <u>Rhines</u> procedure applies to mixed petitions, and the <u>Kelly</u> procedure applies to fully exhausted petitions. <u>See</u> <u>King v. Ryan</u>, 564 F.3d 1133, 1139-40 (9th Cir. 2009). The Petition herein is neither; rather, it constitutes a petition containing solely unexhausted claims. The Ninth Circuit has held in a post-<u>Rhines</u> decision that the stay-and-abeyance procedure does not apply to petitions containing solely unexhausted claims. <u>See</u> <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006). A petition containing solely unexhausted claims must be dismissed. <u>See</u> <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001).

Accordingly, on or before **October 26, 2012**, petitioner is ordered to show cause in writing, if any he has, why this action should not be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts for failure to exhaust state remedies.

DATED: September 28, 2012

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

4